The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer at the times in question.
3. The employer is self-insured with PCA Solutions serving as the servicing agent.
4. Plaintiff's average weekly wage is $290.00, which yields a compensation rate of $193.34 per week. Weekly compensation is presently being paid by Defendants.
5. The Defendants admit the employee sustained an injury by accident to her back on January 4, 1995.
6. The Defendants admit the injury arose out of and in the course of employment and is compensable.
7. Various medical records and other documents have been stipulated into evidence.
8. Issues for decision are whether the employee's pneumonia and other pulmonary problems were caused or aggravated by surgeries for her back injury, and whether Defendants should be sanctioned for refusing to comply with the August 24, 1995, Order of the Commission ordering Defendants to pay those expenses.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The Plaintiff worked as an Arnold Machine operator for the Defendant-Employer. That job involves the changing of spools of yarn on the machines.
2. On January 4, 1995, when a spool of yarn became stuck on a spindle, the employee tried to forcefully pull it off and experienced the immediate onset of back pain.
3. The employee began seeing Dr. Scott McCloskey, a Hickory neurosurgeon, who has performed two back surgeries on the employee (on June 3, 1995, a L4-5 disk on right removed, L5-S1 exposed and on February 13, 1996, an L4-5 disk on left removed) resulting from the injury at work.
4. Dr. Elbert Rudisill, a Hickory family practitioner, has been the employee's family doctor since before 1981. Before the employee's June 3, 1995, back surgery, the employee did not have any chronic pulmonary problems. Since the June 13, 1995, back surgery, the employee has had recurrent pulmonary infections which are still ongoing.
5. Dr. Rudisill saw the employee: 7/4/95, 8/26/95, 9/18/95, 9/21/95, 10/10/95, 1/4/96, 1/16/96, 2/1/96, 4/2/96, 6/3/97, 6/25/96, 6/28/96, 7/9/96, 7/13/96, and 7/30/96. That was more times than any of the other treating physicians. Dr. Rudisill became concerned that while the Hickory pulmonologist were telling the employee she was cured that he could readily detect ongoing pulmonary problems.
6. Dr. Rudisill is reasonably certain that the employee's June 13, 1995, back surgery caused an ongoing recurrent pulmonary infectious process.
7. Dr. Scott McCloskey, the employee's neurosurgeon, Dr. Joseph Pollock and Dr. Fred Owens believe at least the pneumonia, bronchitis and sinusitis after the June 1995 back surgery were in part caused or aggravated by the surgery. Anesthesia during surgery is a well-known risk factor in the development or aggravation of pulmonary problems. In the employee's situation, her June 13, 1995, surgery had been postponed because of that risk.
8. While some of the doctors felt the employee's pulmonary problems caused by the June 13, 1995, surgery had ended after the employee's July 13, 1995-July 17, 1995, Frye Regional Medical Center hospitalization for pulmonary complications, the undersigned believes Dr. Rudisill is correct, and that surgery-caused pulmonary problems have continued.
9. The employee properly applied to the Commission for approval of the pulmonary expenses. By letter/order dated August 24, 1995, the Industrial Commission ordered Defendants to cover the pneumonia treatment. Defendants did not appeal from that order and have continuously refused to comply.
***********
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. One of the causes of the employee's continuing pulmonary problems of pneumonia, bronchitis and sinusitis was her June 13, 1995, back surgery for the injury at work and the Defendants shall provide treatment. G.S. § 97-25.
2. The Defendants have continuously refused to comply with the Commission's August 24, 1995, order to provide treatment without filing an appeal and they shall be sanctioned pursuant to G.S. § 97-88.1.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall provide and pay for all treatment of the employee's pulmonary problems after the June 13, 1995, surgery, including treatment by Dr. Rudisill, Dr. Pollock, Dr. Owens.
2. A reasonable attorney fee for Plaintiff's counsel of $700.00 is approved and shall be paid by Defendants directly to said counsel.
3. Defendants shall pay costs due the Commission.
 S/ ________________ GEORGE T. GLENN, II DEPUTY COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ WILLIAM HAIGH DEPUTY COMMISSIONER
GTG/db